DICKINSON, Presiding Justice,
dissenting:
¶51. Any shame brought to-light by this case does not lie at the feet of. Sandoz, Inc., but rather at .the feet of the State itself. San.doz submits for publication an index called the AWP, .(average wholesale price) for its drugs... This index doesmot— and for at least the past quarter century, has not intended to — represent the actual price pharmacies pay Sandoz for pharmaceuticals. The Mississippi Division of Medicaid knows this and has known it for decades. So has the Mississippi Legislature.
¶ 52. The price the Division of Medicaid has reimbursed pharmacies for drugs has been set by that agency and by the Legislature, and that price has been below AWP for at least the past twenty-five years. As Justice Lamar points out in her dissent— from evidence in the record — during the very same period of time
the State is claiming Sandoz’s 57 percent markup is so .high it constitutes fraud, the State was specifically told by federal Medicaid officials that generic AWPs were between 42 and 65 percent higher than actual prices.'
¶ 53. In fact, as Justice Lamar goes on to point out from evidence in the record, the federal government in 1975 issued new federal medicare regulations and a statement that fully informed the states that AWP did not represent the prices pharmacies were actually paying for drugs. And as Justice Lamar further points out from the evidence in the record, '“[t]he -State’s own drug-pricing expert admitted that this statement put ■ Mississippi on notice in 1975 that AWPs were not based on actual prices/’ (emphasis added).
¶ 54: I am not attempting to improve on Justice Lamar’s well-written dissent which, in my view, is exactly correct and with which I fully join. But I do wish to amplify that, unlike her excellently researched dissent — that is based on evidence in the record, — much of what the State argues — and which is parroted today by Justice Chandler’s opinion — has no support in the record. ' In fact, many of the State’s' arguments are flatly contradicted by the record. I echo the Kentucky Court of Appeals which, after thoughtful analysis, rejected that state’s AWP fraud claims:
Frankly, it is appalling" that the Commonwealth had actual knowledge of this “shell game” method of pricing employed by the drug companies, the wholesalers, and the pharmacists. However, even more appalling is the fact that, in spite of that knowledge, it acquiesced, billed accordingly, and now seeks reimbursement by way of compensatory and punitive damages.[17]
¶ 55. There is no fraud here. At oral argument, the State, was unable to articulate evidence in the record supporting the elements of fraud. Indeed, Justice Chandler’s opinion — which, incidently, is neither a majority nor plurality opinion — makes no attempt whatsoever to analyze all the elements of fraud. This case represents nothing resembling an application of the *851 law to the facts. Rather, it is a stark abuse of power by the State that serves to cover the State’s own failure to action information in its possession and to negotiate a better deal for Mississippi taxpayers. For these reasons, I dissent.
LAMAR, PIERCE AND COLEMAN, JJ., JOIN THIS OPINION.

. Sandoz Inc. v. Commonwealth ex rel. Conway, 405 S.W.3d 506, 511 (Ky.Ct.App.2012) (emphasis added).